Peter Mergenthaler, Debtor *Pro se*
3 Wood Edge Court,
Water Mill, NY 11976
(561) 302-1850

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
—————————————————————— x

In re:                                    **CHAPTER 7**
Peter Mergenthaler, Debtor

                                          Case No. 8-14-

74517-REG

—————————————————————— x

# DEBTOR *PRO SE*'S
# AFFIRMATION IN OPPOSITION
# TO CREDITOR'S MOTION
# TO LIFT AUTOMATIC STAY

Peter Mergenthaler, debtor *pro se,* affirms under the penalty of perjury as follows:

1.        I am the debtor *pro se* in this proceeding. As shown on record I filed for bankruptcy under Chapter 7 in this Court on October 3, 2014.

2.        I was thereafter served with Creditor Dean Osekavage's papers entitled "*AMENDED NOTICE OF FILING OF MOTION, PUSUANT TO 11 USA 362(B), FOR A DECLARATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE SALE OF CERTAIN PROPERTY AND EVICTION PROCEEDING; AND PURSUANT TO 11 USC AGAINST DEBTOR FOR RELIEF FROM AND TO ANNUL THE AUTOMATIC STAY.*" It is marked on the paper that the Motion Return Date is: December 10, 2014 at 9:30 AM. (Copy should be on file with the Court).

3.        I am now making this affirmation in opposition to Creditor's foregoing Motion. In substance, it is **mertiless as a matter of law** and should be denied, and movant and/or his attorneys be sanctioned under Rule 11 of the FRCvP, for having willfully made this frivolous motion for the sole purpose of protracting legal proceeding and/or harassing debtor.

## UNDISPUTED STATEMENTS OF FACT
## SHOWING WHY MOTION SHOULD
## BE DENIED AS A MATTER OF LAW.

4.        A review of Creditor Dean Osekavage's Motion shows that he asks this Court to lift automatic stay to allow him to proceed with the sale and eviction of occupants, including Debtor herein, of a real property located at 3 Wood Edge Court, Watermill, New York, pursuant to some State court orders.

5.        Movant further asks this Court to allow him to lift automatic stay so that he could continue to proceed in a State Landlord-Tenant Court with the eviction of debtor herein from my home and residence, and/or to collect his money judgment that was issued by the NYSC, Suffolk County, but is still pending timely appeal to the Appellate Division, Second Dept, of the NYSC.

6.        A reading of Osekavage's Affirmation in support of his motion shows in substance that on or about May 3, 2012, the NYSC (Justice Pitts) issued a money judgment in the outrageous amount of $1,560,052.74 in favor of Creditor-Movant and against Debtor *pro se* herein. [EXHIBIT A to Motion]

7.        Movant fails, however, to disclose this material fact showing the utmost lack of merit of his motion that the said money judgment was issued **on default,** in absence of debtor, i.e. not on the merits after a hearing or trial of issues of fact. Hence, such judgment is not binding on this Court under 11 USC 105, to determine the merit of Osekavage's proof of claim, if and when filed in this Court at a time allowed by this Court, and Debtor is entitled to defend himself in an Adversary Proceeding to be commenced by Creditor Osekavage pursuant to 11 USC 7001 et al., if he is allowed by law and chooses to do so. **Movant fails to show any provision of the Code that allows a creditor to move this Court by motion to lift automatic stay, or a kind of summary judgment, to collect on a Money Judgment granted on default by a State court.**

8.        Movant fails, further, to disclose this material fact showing the utmost lack of merit of his motion that the said money judgment [EXHIBIT A] **was not final**. Indeed, an appeal from it has timely been filed with, and is still pending in the Supreme Court of the State of New York, Appellate Division, Second Department. [EXHIBIT 1, Annexed hereto]

9.        Movant fails, further, to disclose this material fact showing the utmost lack of merit of his motion that said money judgment he tried to collect from Debtor therein includes approximately 93% of alleged **attorney's fees and/or 15 years of interest** at 10% per year out of an alleged principal amount of $101,000.00, or in the total amount of more than $1,450,000.00 in interests and attorney's fees, that are dischargeable under the Code. Therefore, even if the principal sum of $101,000.00 had some color of spousal alimony or maintenance being dated back to 1998, when Debtor's ex-wife was

still alive in Florida, all the balance of the "debt" is clearly not spousal support, as misleadingly alleged by movant, and as such indisputably dischargeable. Viewing the foregoing, creditor Osekavage is undisputedly barred from moving this Court by "kind of" summary judgment to ask this Court to lift automatic stay to allow him to collect $1,450,000.00 that are undisputedly dischargeable by law. **At best he may in time be allowed by this Court to commence an adversary proceeding to declare approximately seven per cent (7%) of his money judgment against debtor herein (EXHIBIT A) is non-dischargeable.** Movant fails to show any provision of the Code that allows a creditor to move this Court by motion to lift automatic stay, or a **kind of summary judgment,** without any hearing or trial of issues of fact, to collect on a non-final money judgment, issued on default, and 93% of which is dischargeable under the law.

### EVEN THE SEVEN PER CENT OF THE OUTRAGEOUS $1,560,052.74 MONEY JUDGMENT, WHICH DOES NOT REPRESENT INTEREST AND/OR ATTORNEY FEES IS UNDISPUTEDLY DISCHARGEABLE BEING NOT SPOUSAL SUPPORT AS FALSELY ALLEGED

10.     Movant fails, further, to disclose this material fact showing the utmost lack of merit of his motion that he is only a member of a debt collection agency from out of State, and that his client, Judith Wetzstein, who was indeed debtor's ex-wife, died shortly after movant creditor Osekavage had commenced in the New York Supreme Court, Suffolk County, an action on Judith's behalf, as her alleged assignee, to tentatively collect Judith's claim to about $101,000.00, which constituted her share to the proceeds of the house of the parties. As such, first, the $101,000.00 was not alimony or maintenance but only Judith's alleged share to the sale proceeds, if any, of the marital residence of the parties. **The $101,000.00 is therefore not an exception to dischargeability under the Code.** Second, in fact, that $101,000.00 which was supposed to be taken out of the sale proceeds of the marital residence was totally lost and Debtor herein had no duty to pay it to his ex-wife. Indeed, instead of being allowed to stay in the residence until it was sold and remit $101,000.00 to Judith, Debtor was literally ordered by Court upon Judith's Order of Protection to vacate the house, which was then occupied alone by Judith until it was foreclosed by the bank mortgagee. **Viewing the foregoing, even the original amount of debt of about $101,000.00 was not alimony or even due.**

**As a consequence, undisputedly 100% of the $1,560,052.74 Money Judgment that Movant herein tries to collect from Debtor is not spousal support or an exception to dischargeability.**

11.     Additionally, **viewing the death of Judith,** any "alimony" color of any debt that the NYSC

granted to Osekavage has totally vaporized. It became purely "commercial" (and not "familial") as assignee Osekavage argued before Justice Pitts. Indeed, he argued this way to be able to ask the NYSC, which had no subject-matter and/or personal jurisdiction over the marital dispute or divorce action of Debtor herein and his deceased ex-wife Judith Wetzstein, to assume subject-matter jurisdiction over the issues of spousal support, if any, which must have otherwise been determined by the Family Court in Florida or the original Florida Court of competent jurisdiction that had issued the Divorce Judgment to the parties in 1998. **Bottom line: After Plaintiff Judith had died, there was undisputedly no spouse or ex-spouse for Debtor Peter Mergenthaler herein to support.**

12.　　　Movant fails, finally to disclose this material fact showing the utmost lack of merit of his motion that any debt **he tried to collect as a collection agency after the death of his client Judith Wetzstein, was barred by the 6-year Status of Limitation.** Indeed, the debt, if any, was dated since 1998 in Florida, and the collection action was commenced only in 2012 in New York. "Plaintiff" Osekavage prevailed on this issue because he took a default judgment against Debtor claiming Debtor had failed to assert this affirmative defense. However, as a matter of law, any filing by creditor Osekavage in this Court of his proof of claim, if any and when allowed by this Court, would be certainly defeated as a matter of law by debtor's said affirmative defense, which is still available to him in an adversary proceeding to determine Osekavage's claim on the merits pursuant to pertinent sections of the Code.

13.　　　The above-mentioned undisputed facts alone show that in no event, on the merits, plaintiff Osekavage could prevail in his action against debtor in a court of competent jurisdiction after a hearing and/or trial. However, he did prevail (without finality due to pending appeal) in the NYSC due to Debtors' default. Indeed, debtor having no money to afford expensive competent attorneys, and being unfamiliar with the law defaulted in Court, and as a result of my default, the NYSC unjustly and unfairly awarded the said money judgment to plaintiff Osekavage, creditor herein.

## ISSUE OF SALE OF ROSEMARY MERGENTHALER'S HOUSE

14.　　　Based on the undisputed facts herein-above alleged, since movant has failed to prove through an adversary proceeding after a hearing or trial that he has a final valid non-dischargeable money-judgment, and that debtor herein is solvable (Note: This is a No-Asset Chapter 7 Case), his motion for an order from this Court to lift automatic stay and allow him to collect his debt must be denied as a matter of law.

15.　　　For the second prong of his relief requested, Osekavage submits (wrongfully) to this Court

in substance that after the NYSC granted him the (outrageous) money judgment in the sum of $1,560,052.74, he moved the Court again **in default** of debtor Peter Mergenthaler or my wife Rosemary Mergenthaler, for his "permission" to collect his debt by selling **not my but my wife's house** located at 3 Wood Edge, Water Mill, NY, on the (false) allegation that she bought her house, in 2004, at the market value of over $1,600,000.00 with the amount of $101,000.00 Debtor herein (allegedly) had by selling my former marital residence with my deceased ex-wife Judith Wetzstein in Florida back in 1999, and gave to Rosemary instead of paying to Judith.

16.    In a nutshell, Osekavage tries to tell this Court that my wife Rosemary's house, where I also live since 2004, belongs to me since it was subject of a fraudulent transfer (of $101,000.00), and as such its title could be revested in me by an order of a court of competent jurisdiction.

17.    Movant submits papers showing that NYSC did go along with such outrageous and ludicrous "theory" and granted him such most absurd order allowing him to collect the $1,560,052.74 Judgment that Debtor herein allegedly owed to my deceased ex-wife in Florida back in 1998. However, it is undisputed that the NYSC did so

on default, without any hearing or trial on the merits of any issue adjudicated. As a consequence, such findings of fact by the NYSC, if any, do not bind this Court as a matter of law.

18.    Notwithstanding the above, since movant Osekavage still has to commence an adversary proceeding to prove that he has a valid proof of claim against Debtor herein, which is non-dischargeable, and that my wife Rosemary's house is mine, by obtaining from this Court through another adversary proceeding an order declaring that Rosemary's house is mine originally, but then fraudulently transferred to her, and revesting title to "3 Wood Edge" to me, before this Court could allow Osekavage to proceed with any eviction of occupants of "3 Wood Edge," or with the sale thereof and pay $1,560,052.74 from the net proceeds to movant Osekavage herein.

19.    Finally, movant fails to cite any provisions of the Code that would allow the sale of an innocent spouse's real property to satisfy the alleged debt of her husband to an overly aggressive debt collection agency, who stops at nothing to steal from helpless elderly people, by suing them with absurd causes of action, that require hundreds of thousands of legal fees that they cannot afford to defend themselves, resulting in judgments in default.

### GROUNDS SHOWING THAT DEFENDANTS SHOULD BE ALLOWED TO PROCEED PRO SE ON SUBMISSION OF PAPERS WITHOUT ORAL ARGUMENT OR COURT APPEARANCE

20.     Debtor Peter Mergenthaler is 74 years of age. I am in poor health. I have no financial means to afford a competent lawyer in this case. I am now fortunate enough to find a friend to type these papers to defend myself in this Court in accordance with common sense, advice of some friend non-practicing attorney at law, and my constitutional right to due process.

21.     I am not a lawyer and cannot argue in Court against lawyers for the movant Osekavage. I believe that anything that can be said in open court can be put in writing with documents in support.

22.     As such, I respectfully move this great Court to honor my constitutional right to due process by allowing me to do all my motion(s) and opposition papers by submission, without neither court appearance nor oral argument.

23.     Your affiant further respectfully requests that this Court issue an order to the Clerk of the Court to serve promptly by USPS mails with all and any orders or papers or warnings or notices upon your affiant herein at my current address that is on file with the Court.

## CONCLUSION

24.     Creditor Osekavage's instant motion for an order lifting automatic stay and authorizing him to proceed with evicting Debtor and my wife in the street and selling my wife's house to pay for a debt that I allegedly owed to my deceased ex-wife back in 1998 is absolutely absurd and outrageous. It must be denied as a matter of law.

25.     In a nutshell, Osekavage wants this Court to dismiss Debtor's Petition for being filed in bad faith and to declare that my wife's house is mine, and allow him to sell it to satisfy his debt that he wants this Court to declare non-dischargeable.

26.     As a matter of law, Osekavage may be entitled to seek some (not all) of the above-mentioned relief from this Court. However, for the least, since there are numerous material issues of fact to be established at trial by movant, he must do so by commencing an adversary proceeding, and not through a motion to lift automatic stay under 11 USC 362(b).

27.     The material issues of fact that Osekavage must establish during an adversary proceeding yet to be commenced by him are the following.

        (1)     Creditor Osekavage has paid true and adequate consideration to Debtor's deceased ex-wife Judith Wetzstein to support the claim he now has a valid and enforceable debt against Debtor herein. Facts known to Debtor show that there is absolutely no consideration whatsoever that was paid to Judith to support Osekavage's claim that he, not Judith, is genuine creditor of Debtor.

**Bottom line: Osekavage has no standing to sue Debtor Peter Mergenthler in this Court for any spousal support.**

(2)     On its face, the $1,560,052.74 Money Judgment Dean Osekavage has obtained (without finality) from the NYSC against Debtor is in favor of Debtor's deceased ex-wife Judith Wetzstein, but not a money judgment in favor of Dean Osekavage, movant herein. As such, as a matter of law, it must be Judith Wetzstein, if she is still alive and willing, or her estate, to be the party to move this Court to enforce her money judgment, if any. Based on this point alone, not a penny of the $1,560,052.74 Money Judgment is of a spousal support nature. As such, not a penny of the $1,560,052.74 Money Judgment may be declared non-dischargeable by this Court in Osekavage's favor, **Osekavage being not a living spouse or ex-spouse of Debtor.**

**Based on the foregoing point alone, Osekavage may not be allowed by this Court to even commence an adversary proceeding to enforce judgment or to declare his debt, if any, non-dischargeable, due to his utmost lack of standing to prosecute an obsolete claim of a dead stranger.**

**As a consequence, Osekavage's instant motion must be dismissed for lack of standing.**

(3)     A careful review of moving papers shows that only about $101,000.00 of the $1,560,052.74 Money Judgment is the alleged principal of any "debt" owed by Peter Mergenthaler to Judith Wetzstein based on their 1998 Divorce Stipulation and Agreement according to which Peter would sell the house where he was living alone and pay $101,000.00 out of the sale proceeds to Judith. **The balance of the Money Judgment is composed of interests, attorney's fees... which all are dischargeable even if properly demonstrated.**

(4)     A careful review of moving papers shows that the $101,000 that was supposed to be paid by Peter to Judith was not spousal support but result of an equitable distribution issue. Hence, it is not an exception to dischargeability.

(5)     Debtor affirms under the penalty of perjury that said principal amount of $101,000.000 did not actually exist. The bank mortgagee foreclosed on the marital residence in 1999 after Judith obtained by false allegations a court order of protection to force Peter out of the marital residence, and lived there alone without him, and without paying mortgage. As such, an amount of money that does not truly exist may not be characterized as "spousal support obligation" or anything else and is therefore not non-dischargeable as "alimony" or "maintenance." Conclusion: Not a penny of the $1,560,52.74 Money Judgment is for spousal support

(6)     When Judith allegedly assigned her claim(s), if any, to Osekavage, a stranger to me and to her, and a member of a collection agency, these claims, if any, became merely claims that are

undisputedly not of spousal support in nature, which should have been decided only in the Family Court or other State Court of competent jurisdiction handling the divorce issue of the parties.

(7) **After Judith died, any of her claims against Debtor Peter Mergenthaler died with her. Any assignment made by her allowing Osekavage to press any claim against Debtor for a percentage if and when successful was revoked as a matter of law.** Any money judgments being obtained by Osekavage on default against Debtor herein are not based on spousal support after Judith's death. As a matter of law, there is no spousal support money judgment to be declared non-dischargeable to protect a spouse after he/she has died. As such, in this proceeding, there is no spousal support that can be declared non-dischargeable on behalf of Osekavage, who actually has no standing to press any claim herein without a valid assignment of the beneficiary of the money judgment(s) to be collected in the event Debtor is solvable.

(8) Undisputedly, the collection of any penny of the $1,560,052.74 by purported creditor Dean Osekavage from Debtor Peter Mergenthaler would only benefit Dean Osekavage personally and/or his lawyers, but not any spouse of Debtor. **Hence, it cannot be spousal support in nature, and cannot be declared non-dischargeable under 11 USC 362(b)(2)(B).** Under the Code, for a claim to be allowed by the Court, it must have been a debt that was created based on a true and adequate consideration. **In this case, undisputedly, there is no true or adequate consideration at all to support Osekavage's claim against Debtor Peter Mergenthaler**. It is nothing less than a fraud perpetrated by an aggressive individual and/or collection agency against helpless senior people taking advantage of their inability to understand the law or to afford competent lawyers. **Therefore, Osekavage's claim may neither be allowed nor should it be declared non-dischargeable.**

(9) In any event, the issue of the exact nature of the $1,560,052.74 Claim by Osekavage has to be decided by this Court under Section 105 of the Code. After a hearing or trial, if any, this Court may in its wisdom allow all or some or disallow all or some of the most outrageous money judgment that only unscrupulous criminals and crooks have dared to obtain (in default) from a court of law. That is literally robberies under color of law by abusing the court system, and by taking advantage of helpless senior people.

(10) Notwithstanding the above, undisputedly, the issue of the alimony support nature of said money judgment has never been decided with finality in the NYSC, where Osekavage argued in substance to support the subject-matter jurisdiction of the NYSC the contrary that it was not any more a domestic obligation issue between Judith and Peter as husband and wife since we were divorced and Judith had passed away. That argument by Osekavage's attorneys was necessary in the NYSC to defend

a subject-matter jurisdiction that the Court would not have otherwise.

(11)     As a result of the foregoing, now, even if Osekavage tries to twist around its past contention in this matter and claims the contrary that the $1,560,052.74 is all "maintenance," it must for the least do so by securing Judith Wetzstein's permission to commence a proper adversary proceeding to establish to the satisfaction of this Bankruptcy Court that (a) in order to acquire his claim against Debtor, Osekavage has paid true and fair consideration to Debtor, and (b) the claim is non-dischargeable because it is spousal support that the original Florida Court had awarded Osekavage, not Judith Wetzstein, when he (Dean Osekavage, not Judith Wetzstein) divorced  Peter Mergenthaler, debtor herein, and (c) Peter is solvent, and (d) Rosemary Mergenthaler has acquired her house at 3 Wood Edge Court, Water Mill, NY 11976, without consideration from Peter Mergenthaler, and as such Rosemary's title to the house may be revested in Debtor Peter Mergenthaler, and subject to collection by Peter's legitimate creditors

28. Undisputedly, until then, Osekavage's motion to dismiss Debtor's filing so that he could collect by selling somebody's house, allegedly to be Debtor's assets, without any court order making such findings after a trial and/or hearing of material issues of fact, must be denied for being premature, and movant and/or his attorneys should be sanctioned under Rule 11 of the FRCvP for having made such outrageous meritless motion for the sole purpose of harassing adversaries and/or prolonging and/or increasing the cost of litigation.

29. **Last but not least, as shown on the record of the instant proceeding, the last day to oppose discharge or dischargeability is 01/05/2014.**

However, in his motion to lift automatic stay under 11 USC 362(b), purported creditor plaintiff Osekavage has completely failed to first file a proof of claim, then commence an adversary proceeding to declare non-dischargeability of his proof of claim, if any, and then to establish that this is an "ASSET-CASE" by moving this Court with admissible evidence to declare that Debtor's wife Rosemary's title to her house is revested in Debtor Peter Mergenthaler herein.

30. Prior to taking such necessary steps as required by the Code, purported creditor Dean Osekavage's motion to lift automatic stay is premature, if not totally defective and meritless on its face, and must be denied as a matter of law.

WHEREFORE, Debtor Peter Mergenthaler respectfully moves this Court to grant an Order denying

Movant Dean Osekavage's motion to lift automatic stay, and sanctioning movant and/or his attorneys under Rule 11 of the FRCvP for having made such outrageous and frivolous motion for the sole purpose of harassing Debtor and/or prolonging and/or increasing the cost of litigation, and granting such other and further relief as this Court may deem just, fair and proper.

Dated:

      8th day of December,  2014

                              Peter Mergenthaler, Debtor *pro se*

# CERTIFICATION OF SERVICE

Peter Mergenthaler, affirms under the penalty of perjury :

I am debtor *pro se* herein. I reside at 3 Wood Edge Court, Water Mill, NY 11976.

On     December 8, 2014  , I serve by First Class Mail the true copies of the instrument herein upon:

Andrew M. Thaler
Chapter 7 Trustee
Thaler Law Firm PLLC
675 Old Country Road
Westbury, NY 11590

Office of the United States Trustee
560 Federal Plaza – Room 561
Central Islip, NY 11722-4437

Melisa B. Levine, Esq.
Gold Benes LLP
Attorneys for Dean Osekavage
1854 Bellmore Avenue
Bellmore, NY 11710

Mark A. Cuthbertson, Esq.,
Receiver of 3 Wood Edge Court, Water Mill, NY
434 New York Avenue
Huntington, NY 11743

Dated:
     8th day of December,  2014

_____
Peter Mergenthaler
3 Wood Edge Court,
Water Mill, NY 11976

# EXHIBIT No. 1



FILED
SEP 19 2014
COUNTY CLERK
JUDITH A. PASCALE

## Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

# Form A - Request for Appellate Division Intervention - Civil

See § 670.3 of the rules of this court for directions on the use of this form (22 NYCRR 670.3).

**Case Title:** Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was, or is to be commenced, or as amended.

**For Civil - Original Instance**

Date Notice of Appeal Filed

**For Appellate Division**

SUPREME COURT OF THE STATE OF
NEW YORK - COUNTY OF SUFFOLK

Index No. 29626/2011

Dean Osekavage D/B/A Pathfinders USA as
Assignee of Judith Wetzstein,

Plaintiffs

Peter Mergenthaler and Rosemary Mergenthaler,
Defendants

| Case Type | Filing Type |
|---|---|
| ☒ Civil Action  ☐ CPLR article 78 Proceeding  ☐ Special Proceeding Other  ☐ Habeas Corpus Proceeding | ☒ Appeal  ☐ Original Proceeding  ☐ Transferred Proceeding  ☐ CPLR 5704 Review |
| ☐ CPLR article 75 Arbitration | |

**Nature of Suit:** Check up to five (5) of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ 1 Freedom of Information Law | ☐ 1 Adoption | ☐ 1 Discipline | ☐ 1 Assault, Battery, False Imprisonment |
| ☐ 2 Human Rights | ☐ 2 Attorney's Fees | ☐ 2 Jail Time Calculation | ☐ 2 Conversion |
| ☐ 3 Licenses | ☐ 3 Children - Support | ☐ 3 Parole | ☐ 3 Defamation |
| ☐ 4 Public Employment | ☐ 4 Children - Custody/Visitation | ☐ 4 Other | ☐ 4 Fraud |
| ☐ 5 Social Services | ☐ 5 Children - Terminate Parental Rights | | ☐ 5 Intentional Infliction of Emotional Distress |
| ☐ 6 Other | ☐ 6 Children - Abuse/Neglect | **Real Property** | ☐ 6 Interference with Contract |
| | ☐ 7 Children - JD/PINS | ☐ 1 Condemnation | ☐ 7 Malicious Prosecution/ Abuse of Process |
| ☐ 1 Partnership/Joint Venture | ☒ 8 Equitable Distribution | ☐ 2 Determine Title | ☐ 8 Malpractice |
| ☐ 2 Business | ☐ 9 Exclusive Occupancy of Residence | ☐ 3 Easements | ☐ 9 Negligence |
| ☐ 3 Religious | ☐ 10 Expert's Fees | ☐ 4 Environmental | ☐ 10 Nuisance |
| ☐ 4 Not-for-Profit | ☒ 11 Maintenance/Alimony | ☐ 5 Liens | ☐ 11 Products Liability |
| ☐ 5 Other | ☐ 12 Marital Status | ☐ 6 Mortgages | ☐ 12 Strict Liability |
| | ☐ 13 Paternity | ☐ 7 Partition | ☐ 13 Trespass and/or Waste |
| ☐ 1 Brokerage | ☒ 14 Spousal Support | ☐ 8 Rent | ☐ 14 Other |
| ☐ 2 Commercial Paper | ☐ 15 Other | ☐ 9 Taxation | |
| ☐ 3 Construction | | ☐ 10 Zoning | |
| ☐ 4 Employment | **Miscellaneous** | ☐ 11 Other | **Wills & Estates** |
| ☐ 5 Insurance | ☐ 1 Constructive Trust | **Statutory** | ☐ 1 Accounting |
| ☐ 6 Real Property | ☐ 2 Debtor & Creditor | ☐ 1 City of Mount Vernon Charter §§ 126, 127-f, or 128 | ☐ 2 Discovery |
| ☐ 7 Sales | ☐ 3 Declaratory Judgment | | ☐ 3 Probate/Administration |
| ☐ 8 Secured | ☐ 4 Election Law | ☐ 2 Eminent Domain Procedure Law § 207 | ☐ 4 Trusts |
| ☐ 9 Other | ☐ 5 Notice of Claim | | ☐ 5 Other |
| | ☐ 6 Other | ☐ 3 General Municipal Law § 712 | |
| | | ☐ 4 Labor Law § 220 | |
| | | ☐ 5 Public Service Law §§ 128 or 170 | |
| | | ☐ 6 Other | |

V2.0,060295

# Appeal

**Paper Appealed From (check one only):**

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☒ Order | ☐ Resettled Order |
| ☐ Amended Judgment | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: NY SUPREME COURT | County: Suffolk |
|---|---|
| Dated: 8/25/2014 | Entered: 9/3/2014 |
| Judge (name in full): Arthur B. Pitts | Index No.: 29626/2011 |
| Stage: ☐ Interlocutory  ☒ Final  ☐ Post-Final | Trial: ☐ Yes  ☒ No  If Yes: ☐ Jury  ☐ Non-Jury |

## Prior Unperfected Appeal Information

Are any unperfected appeals pending in this case? ☐ Yes ☒ No. If yes, do you intend to perfect the appeal or appeals covered by the annexed notice of appeal with the prior appeals? ☐ Yes ☐ No. Set forth the Appellate Division Cause Number(s) of any prior, pending, unperfected appeals:

## Original Proceeding

Commenced by: ☐ Order to Show Cause  ☐ Notice of Petition  ☐ Writ of Habeas Corpus     Date Filed: N/A

Statute authorizing commencement of proceeding in the Appellate Division:

## Proceeding Transferred Pursuant to CPLR 7804(g)

| Court: N/A | County: |
|---|---|
| Judge (name in full): | Order of Transfer Date: |

## CPLR 5704 Review of Ex Parte Order

| Court: N/A | County: |
|---|---|
| Judge (name in full): | Dated: |

## Description of Appeal, Proceeding or Application and Statement of Issues

**Description:** If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of the proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

The court denied defendant-appellant's cross motion to vacate default and order allowing Plaintiffs to sell her house to collect their debt against third party.

**Amount:** If an appeal is from a money judgment, specify the amount awarded.

**Issues:** Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review.

① Whether the Court errs as a matter of law when it denied Appellant's cross-motion to vacate default.

**Issues Continued:**

(2) whether the Court errs as a matter of law when it finds that appellant's default was inexcusable.

(3) whether the Court errs as a matter of law when it finds that appellant must prove that default was excusable to allow vacater of orders granted on default based on plaintiff's misrepresentation and frauds.

## Party Information

**Instructions:** Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

Examples of a party's original status include: plaintiff, defendant, petitioner, respondent, claimant, defendant third-party plaintiff, third-party defendant, and intervenor. Examples of a party's Appellate Division status include: appellant, respondent, appellant-respondent, respondent-appellant, petitioner, and intervenor.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|------------|-----------------|---------------------------|
| 1 | Rosemary Mergenthaler | Defendant | Appellant |
| 2 | Peter Mergenthaler | Defendant | Appellant |
| 3 | Dean Osekavage | Plaintiff | Respondent |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

## Attorney Information

**Instructions:** Fill in the names of the attorneys or firms of attorneys for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided.

In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: | N/A   Appellants are Pro Se |
|---|---|

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

**Attorney/Firm Name:**

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

**Attorney/Firm Name:**

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

**Attorney/Firm Name:**

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

**Attorney/Firm Name:**

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

**Attorney/Firm Name:**

**Address:**

| City: | State: | Zip: | Telephone No.: |
|---|---|---|---|

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number[s] from table above or from Form C):

# SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF SUFFOLK

## Index No. 29626/2011

---

Dean Osekavage D/B/A Pathfinders USA as
Assignee of Judith Wetzstein,
Plaintiffs

against

Peter Mergenthaler and Rosemary Mergenthaler,
Defendants

---

## NOTICE OF APPEAL
### and
### PRE-ARGUMENT STATEMENT

---

Appeal filed by

Rosemary MERGENTHALER. Appellant *pro se*
and
Peter MERGENTHALER, Appellant *pro se*

3 Wood Edge Court,
Water Mill, NY 11976
(561) 302-1850

**SUPREME COURT OF THE STATE OF
NEW YORK – COUNTY OF SUFFOLK**

FILED
SEP 19 2014
COUNTY CLERK
JUDITH A. PASCALE

---

Dean Osekavage D/B/A Pathfinders USA as
Assignee of Judith Wetzstein,
              Plaintiffs
        against
Peter Mergenthaler and Rosemary Mergenthaler,
              Defendants

**Index No. 29626/2011**

---

# NOTICE OF APPEAL

Notice is given that Rosemary Mergenthaler and Peter Mergenthaler, Defendants *pro se*, hereby appeal to the New York Supreme Court, Appellate Division, Second Department, from the following Order:

(1) Final Order dated August 25, 2014 filed on even date with the Clerk Office of the Court, and served with Notice of Entry upon Defendants-Appellants by Plaintiffs-Respondents on September 3, 2014. This order was issued by Honorable Arthur G. Pitts, J.S.C., and a true copy of which is annexed hereto.

Water Mill, New York,

September 15, 2014

_____
Rosemary MERGENTHALER, Appellant *pro se*
3 Wood Edge Court, Water Mill, NY 11976

_____
Peter MERGENTHALER, Appellant *pro se*
3 Wood Edge Court, Water Mill, NY 11976

**SUPREME COURT OF THE STATE OF
NEW YORK – COUNTY OF SUFFOLK**

---

Dean Osekavage D/B/A Pathfinders USA as
Assignee of Judith Wetzstein,
               Plaintiffs
      against
Peter Mergenthaler and Rosemary Mergenthaler,
               Defendants

**Index No. 29626/2011**

---

## AFFIDAVIT OF SERVICE

Peter Mergenthaler, being duly sworn, deposes and says:

    I am defendant-appellant *pro se* herein. I maintain residence and/or an office at 3 Wood Edge Court, Water Mill, NY 11976.

    On September 15, 2014, I served by First Class Mail the true copy of the instrument herein to wit:

### NOTICE OF APPEAL
### PRE-ARGUMENT STATEMENT

upon:

        Mark A. Cuthbertson, Esq.,
    434 New York Ave.
    Huntington, NY 11743

        Melisa B. Levine, Esq.
    Gold Benes LLP
    Attorneys for Plaintiffs
    1854 Bellmore Avenue
    Bellmore, NY 11710

        Daniel Perla Associates, LLP
    104 Windsor Gate
    Great Neck, NY 11020

        Navaretta & Howard LLP
    567 Jericho Turnpike
    Suite 205
    Syosset, NY 11791

Jeffrey C. Daniels, PC
4 Carren Circle
Huntington, NY 11743

Sworn to before me this
_19_ th day of September, 2014

_____
Peter MERGENTHALER, Appellant *pro se*
8 Wood Edge Court, Water Mill, NY 11976

**EILEEN MUSARRA**
**Notary Public, State of New York**
**No. 01MU6057891**
**Qualified in Suffolk County**
**My Commission Expires Apr. 30, 20_15_**

---

Dean Osekavage D/B/A Pathfinders USA as
Assignee of Judith Wetzstein,

**Index No. 29626/2011**

**Plaintiffs**

against

Peter Mergenthaler and Rosemary Mergenthaler,
Defendants

---

# PRE-ARGUMENT STATEMENT

**(1) Title of Action:**    Dean Osekavage D/B/A Pathfinders USA
as Assignee of Judith Wetzstein,
Plaintiffs

-against-

Peter Mergenthaler and Rosemary Mergenthaler,
Defendants

## (2) Full Names of original parties and any change in the parties:

Dean Osekavage D/B/A Pathfinders USA
as Assignee of Judith Wetzstein,
Plaintiffs

Peter Mergenthaler and Rosemary Mergenthaler,
Defendants

**No change in the original parties**

## (3) Name, address and telephone number of counsel for appellant:

None

Appellants are acting *pro se*

ROSEMARY MERGENTHALER,
3 Wood Edge Court, Water Mill, NY 1197
(561) 302-1850

PETER MERGENTHALER,
3 Wood Edge Court, Water Mill, NY 11976
(561) 302-1850

**(4) Name, address and telephone number of counsel for respondents:**

> Melisa B. Levine, Esq.
> Gold Benes LLP
> 1854 Bellmore Avenue
> Bellmore, NY 11710
> (516) 512-6333

**(5) Court and county, or administrative body, from which appeal is taken:**
   **SUPREME COURT OF THE STATE OF NEW YORK**
   **COUNTY OF SUFFOLK**

**(6) State whether there is any related action or proceeding now pending in any court of this or any other jurisdiction, and if so, the status of any such case.**

> Southampton Town Court
> 32 Jackson Avenue
> Hampton Bays, NY 11946
>
>                              Docket No:14070851
>
>
> Mark A Cuthbertson, As Receiver
>                    -V-
> Rosemary Mergenthaler, Peter Mergenthaler

**(7) State whether appeal is from an order or final judgment and the date of entry thereof:**
   Final Order Denying Defendants' Cross-Motions
   Date of Entry:  September 3, 2014

**(8) State the nature and object of the cause of action or special proceeding:**

Civil action by plaintiff Dean Osekavage to recover maintenance allegedly due to former wife plaintiff Judith Wetzstein by former husband defendant Peter Mergenthaler. Plaintiffs obtained by default a money judgment against defendant Peter Mergenthaler, not against defendant Rosemary Mergenthaler. Notwithstanding, the Court granted again by default an order allowing plaintiffs to collect money judgment against Rosemary Mergenthaler's house, and an order to sell this property to satisfy plaintiffs' debts.

**(9) State as briefly as possible the result reached in the court or administrative body below:**

The court absolutely errs when it determines on default and without any evidence that Rosemary Mergenthaler's house is actually that of Peter Mergenthaler.

Rosemary Mergenthaler cross-moved for an order vacating or declaring null and void the Court's orders allowing plaintiffs to collect their alleged debts against a third party on her real property by showing excusable default and meritorious defenses, the Court summarily denied her cross-motion without any rational explanation but only that defendants had failed to even discuss why they defaulted and that it was within the Court's discretionary power to vacate default.

**(10) State as briefly as possible the grounds for seeking reversal, annulment or modification:**

The Court denied appellants' cross-motions after having overlooked material facts and/or controlling legal authorities, which if taken into consideration would have resulted in different conclusions of law.

(a) Rosemary Mergenthaler's factual grounds showing why her default was excusable under CPLR 5015(a)(1) were never considered by the Court.

(b) The money judgment and the order granting plaintiffs the permission to sell defendant Rosemary Mergenthaler's house having been obtained by egregious misrepresentation of fact and rules of law gave right to defendants to have those judgments vacated pursuant to CPLR 5015(a)(3) and as such no requirement of excusable default must be met to have it vacated under CPLR 5015(a)(1).

(c) The money judgment and the order granting plaintiffs the permission to sell defendant Rosemary Mergenthaler's house having been issued by the Court in absence of all subject-matter jurisdiction gave right to defendants to have these judgments vacated pursuant to CPLR 5015(a)(4), and as such no requirement of excusable default must be met to have it vacated under CPLR 5015(a)(1).

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-------------------------------------------------------------------X
Dean Osekavage D/B/A Pathfinders USA as        **Index No.** 29626/2011
assignee of Judith Wetzstein,

Plaintiff,

-against-

Peter Mergenthaler and Rosemary Mergenthaler,

Defendants.

-----------------------------------------------------------------------X

---

## NOTICE OF ENTRY

---

**GOLD BENES LLP**
**Attorneys for Plaintiff**
**Dean Osekavage**
**D/B/A Pathfinders USA**
**1854 Bellmore Ave.**
**Bellmore, New York 11710**
**(516) 51 2- 6333**
**(516) 512-6334 - facsimile**

# Supreme Court of the State of New York
## IAS Part 43 - County of Suffolk

PRESENT:   Hon. ARTHUR G. PITTS

Dean Osekavage D/B/A Pathfinders USA
as assignee of Judith Wetzstein,

                                Plaintiff,

              -against-

Peter Mergenthaler and Rosemary
Mergenthaler,

                                Defendants.

ORIG. RETURN DATE: 5/29/14
ADJOURNED DATE: 6/5/14
MOTION SEQ. NO.: 006-MD
                          007-MD

**PLTF'S/PET'S ATTY:**
GOLD BENES, LLP
By: Melisa B. Levine, Esq.
1854 Bellmore Avenue
Bellmore, New York 11710

**DEFT'S RESP'S ATTY:**
LAW OFFICE OF AUSTIN M. MANGHAN III
21 West Second Street, Suite 2
Riverhead, New York 11901

PETER MERGENTHALER -Pro Se
ROSEMARY MERGENTHALER-Pro Se
3 Wood Edge Court
Water Mill, New York 11976

DANIEL PERLA ASSOCIATES LLP
104 Windsor Gate
Great Neck, New York 11020

RUBIN & ROTHMAN, LLC
By: Alvin Morales, Esq.
1781 Veterans Memorial Highway
Islandia, New York 11749

NAVARETTA & HOWARD LLP
567 Jericho Turnpike Suite 205
Syosset, New York 11791

ROSENBERG & GLUCK LLP
1176 Portion Road
Holtsville, New York 11743

    Upon the following papers numbered 1 to 53 read on this motion  xdismisal/xdismissal _____
_Notice of Motion and supporting papers 1-4 ; Notice of Cross-Motion and supporting papers 1-9/10-17 _____
Affirmation/affidavit in opposition and supporting papers  18-46 ; Affirmation/affidavit in reply and supporting papers 47-52/53      ;
Other _____; (and after hearing counsel in support of and opposed to the motion) it is,

ORDERED that plaintiff's motion for an order amending this Court's order dated March 25, 2014 appointing Mark Cuthbertson, Esq., receiver was granted upon submission on the record, on June 5, 2014. It is further

ORDERED that defendants Peter Mergenthaler and Rosemary Mergenthaler's cross motions, each under separate notices, to dismiss the within complaint are denied.

By decision and order dated April 19, 2012 a default judgment was granted in favor or plaintiff Dean Osekavage d/b/a Pathfinders USA as assignee of Judith Wetzstein and against defendant Peter Mergenthaler in the amount of $1,517,508.26 plus interest at the statutory rate from January 13, 2012. By decision and order dated August 9, 2013 the plaintiff's unopposed motion for an order finding that defendant Rosemary Mergenthaler does not have, pursuant to CPLR 5206, a homestead exemption in the premises located at 3 Wood Edge Court, Water Mill, Suffolk County, New York was granted, and by order dated September 24, 2013, the matter was referred to Referee Gabrielle Weglein, Esq., to hear and report. The Referee's report was confirmed on March 25, 2014 and said order also appointed Mark Cuthbertson, Esq. as receiver. The plaintiff moved to amend the order by reducing the amount of the bond required to be obtained by the receiver to $1,800,000.00 as well as negating the one triple A rated requirement. The motion was granted on the record on June 5, 2014. The defendants now cross move separately for orders dismissing the plaintiff's complaint on the grounds that this Court lacks subject matter jurisdiction, the action is barred by the statute of limitations, the complaint fails to state a cause of action, and fraud.

It is undisputed that the moving defendants failed to appear and file an answer to the plaintiff's complaint and as a result thereof, a default judgment was entered against them. They have not moved to vacate their default and instead they seek dismissal on various grounds. It is well settled that in order to vacate a default judgment pursuant to CPLR 5015(a), a defendant must demonstrate both a reasonable excuse for the default and a meritorious defense (*Wynne v. Wagner* 262 A.D.2d 556, 693 N.Y.S.2d 60 [ 2nd Dept. 1999]; see *Kolajo v. City of New York*, 248 A.D.2d 512, 670 N.Y.S.2d 52 [ 2nd Dept. 1998] ; *Roussodimou v. Zafiriadis*, 238 A.D.2d 568, 657 N.Y.S.2d 66 [1st Dept. 1997]; *Fennell v. Mason*, 204 A.D.2d 599, 612 N.Y.S.2d 416) [ 2nd Dept. 1994] ). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see, *Bardales v. Blades*, 191 A.D.2d 667, 595 N.Y.S.2d 553). Herein, neither defendant has attempted to meet such burden.

Accordingly, pursuant to the foregoing and under the circumstances presented, the defendants' cross motions are in all respects denied.

This shall constitute the decision and order of the Court.

Dated: **Riverhead, NY**
**August 25, 2014**

_____
J.S.C.

CHECK ONE     XX_ FINAL DISPOSITION     ___ NON-FINAL DISPOSITION

# RECEIPT
## Suffolk County Clerk
## JUDITH A. PASCALE
## County Clerk

DATE: 09/19/2014     TIME: 12:54:24 PM

RECEIPT NUMBER: 14-0124266
PAYOR NAME: MERGENTHALER

---

| DESCRIPTION | ITEMS | TRANS AMOUNT |
|-------------|-------|--------------|

---

NOTICE OF APPEAL

| | | |
|-------------|-------|--------------|
| General Fee | 1 | $65.00 |
| Fees Paid | | $65.00 |

---

| | |
|-------------|--------------|
| RECEIPT TOTAL | $65.00 |
| CASH AMT PAID | $70.00 |
| TOTAL AMOUNT PAID | $70.00 |
| CHANGE RETURNED | $5.00 |

---

COMMENTS