UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                                                    Chapter 7

Peter Mergenthaler,

                                                           Case No. 8-14- 74517- REG

                        Debtor(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY DECLARATION OF ATTORNEY MELISSA LEVINE IN RESPONSE TO PETER MERGENTHALER'S AFFIRMATION IN OPPOSITION TO OSEKAVAGE AND RECEIVER'S MOTION, PURSUANT TO 11 USC §362(b) AND 11 USC §362(d), FOR A DECLARATION THAT THE STAY DOES NOT APPLY OR TO LIFT THE STAY**

      Melissa B. Levine, an attorney admitted to practice law in the United States District Court for the Eastern District of New York, hereby declares, under penalty of perjury, pursuant to 28 U.S. section 1746, that the following is true and correct:

      1. I am of counsel to the firm of Gold Benes LLP., the attorneys for creditor Dean Osekavage.

      2. I make this Declaration in Reply to Debtor Peter Mergenthaler's Affidavit in opposition to the Motion of Osekavage and the Receiver, sworn to on December 8, 2014.

      3. The Motion of Osekavage and the Receiver should be granted in its entirety.

      4. Debtor admits that the Premises at issue is owned by his wife and that it is not part of the Bankruptcy Estate. He also does not deny that he resides in that Premises as a mere invitee of his wife.

      5. The terms of the $1,560,052.74 Judgment against Debtor (Exhibit A to the moving papers) clearly establish that it is comprised entirely of nondischargeable unpaid marital support

payments plus interest. Debtor's challenge regarding the validity of that Judgment is without merit as this Court does not have subject matter jurisdiction to address the validity of that Judgment. See In re Golio, 393 B.R. 56, 62; 2008 Bankr. LEXIS 2160 (Bankr. EDNY 2008).

6. Since the undersigned filed the pending Motion on October 27, 2014, deponent has learned of further proof that Debtor did not file bankruptcy for the purposes of rehabilitation but soley to delay the pending Receiver's sale of his wife's Premises. The undersigned has since learned that in April 2014 Mr. Mergenthaler filed a personal injury suit against another but then did not list that suit in his Petition as property of the Bankruptcy Estate. Upon information and belief, there was activity on that case after Debtor filed Bankruptcy. On or about November 13, 2014, an RJI requesting a Preliminary Conference was filed. A copy of the Summons and Complaint from that suit, dated April 14, 2014, and that RJI, along with related documents, are attached hereto as Exhibit A.

WHEREFORE, Mr. Osekavage and the Receiver Cuthbertson hereby request that this Court grant their motion in its entirety.

I declare, under the penalty of perjury, that the foregoing is true and correct. Executed on the 8th day of December, 2014.

/s/ M. Levine<br>
Melissa B. Levine, Esq. (MBL1634)<br>
mlevine@goldbenes.com<br>
Gold Benes, LLP<br>
Attorneys for Dean Osekavage<br>
1854 Bellmore Avenue<br>
Bellmore, NY 11710<br>
(516)512-6333<br>
(516)512-6334 (facsimile)