UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:                                                                    Chapter 7

Peter Mergenthaler,

                                                        Case No. 8-14-74517-REG

                Debtor(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECLARATION OF ATTORNEY MELISSA LEVINE IN SUPPORT OF MOTION, PURSUANT TO 11 USC §362(b), FOR A DECLARATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE SALE OF CERTAIN PROPERTY AND EVICTION PROCEEDINGS; AND PURSUANT TO 11 USC §362(d), AGAINST DEBTOR FOR RELIEF FROM AND TO ANNUL THE AUTOMATIC STAY**

      Melissa B. Levine, an attorney admitted to practice law in the United States District Court for the Eastern District of New York, hereby declares, under penalty of perjury, pursuant to 28 U.S. section 1746, that the following is true and correct:

      1. I am of counsel to the firm of Gold Benes LLP., the attorneys for creditor Dean Osekavage.

      2. I make this Declaration in support of the joint motion of Mr. Osekavage and Mark Cuthbertson, Court-Appointed Receiver of 3 Wood Edge Court, Watermill, New York 11976, (the "Premises"), for

      a) an order, pursuant to 11 U.S.C.A. § 362(b)(2)(B), declaring that the automatic stay

does not apply to the sale and eviction proceedings related to 3 Wood Edge Court, Watermill, New York (the "Premises"), including all proceedings in the New York State Supreme Court, Suffolk County case of <u>Dean Osekavage DBA Pathfinders USA as assignee of Judith Wetzstein v. Peter Mergenthaler and Rosemary Mergenthaler</u>, Index # 29626/2011 ("the Supreme Court Action"); and the Southampton Town Justice Court, Suffolk County case of <u>Mark A. Cuthbertson, As Receiver, v. Peter Mergenthaler and Rosemary Mergenthaler</u>, Docket No. 14070861. ("Justice Court Action"). Hereinafter the two cases are sometimes known collectively as the "Cases"; and

    b) an Order, pursuant to 11 U.S.C. §362(d) and FBRP §9014, for relief from and annulling the automatic stay and authorizing the continuation of all activities in the Cases; and

    c) granting such other and further relief as this Court deems just and equitable.

    3. Debtor Peter Mergenthaler filed this bankruptcy in bad faith. His only two debts are Mr. Osekavage's judgment against him for unpaid matrimonial support payments owed to his ex-wife, which is a nondischargeable debt[1] and a small utility bill. Debtor filed his bankruptcy petition a few weeks before the trial date of the Justice Court Action, wherein the Receiver sought to evict debtor and debtor's current wife from the Premises, which is owned by said wife

---

[1] The Judgment is non-dischargable as it consists of unpaid domestic support obligations. <u>See</u> 11 U.S.C.A. section 523(a)(5) and (15). <u>See</u>, e.g., <u>In re Golio</u>, 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008) (Where the Court held that a state court judgment comprised of unpaid support arrears was non-dischargeable in bankruptcy court. The court also noted that it would lack subject matter jurisdiction over the case if the exercise of such jurisdiction would result in the reversal or modification of that judgment. Thus, the debtor could not challenge the validity of the state court judgment in bankruptcy court because only the state court could review the judgment and only the state court had the jurisdiction to review its judgment).

and not debtor[2], so that the Premises could be sold to satisfy those matrimonial arrears; as the State court found that debtor hid the money that he should have used to pay the matrimonial support payments to his ex-wife in the purchase and upkeep of his current wife's Premises.

## BACKGROUND FACTS

4. In the Supreme Court Action, the Court (A. Pitts, J) issued a May 3, 2012 judgment against Peter Mergenthaler and in favor of Mr. Osekavage, as assignee of Judith Wetzstein, in the amount of $1,560,052.74, together with statutory interest from May 3, 2012. ("Peter Mergenthaler Judgment"). A copy of that Judgment is attached hereto as Exhibit A.

5. The Judgment against debtor Mergenthaler was issued to domesticate a "Final Judgment of Dissolution of Marriage" entered in 1998 by a Florida Court in the divorce action of Peter Mergenthaler and Judith Wetzstein. ("Divorce Judgment"). See Peter Mergenthaler Judgment, p. 2. The underlying Divorce Judgment is attached hereto as Exhibit E.

6. Thereafter, in the Supreme Court Action, the court issued a December 14, 2012 Judgment against Mr. Mergenthaler's current wife, Rosemary Mergenthaler, pursuant to, among other laws, New York's Debtor and Creditor Law section 273, placing a lien against Rosemary Mergenthaler's property located at 3 Wood Edge Court, Water Mill, NY, in the amount of $1,658,528.26, based upon a finding that Peter Mergenthaler used monies, that he should have used to pay Judith Wetzstein pursuant to the Divorce Judgment, to acquire and provide upkeep for his current wife's property. See Exhibit B. ("Rosemary Mergenthaler Judgment").

---

[2] See Judgement annexed hereto as Exhibit A, page 5. See also the instant Bankruptcy Petition, wherein debtor does not list the Premises as his property; and Deed to the Premises, annexed hereto as Exhibit D.

7. Subsequently, the Supreme Court issued a March 25, 2014 Order appointing Mark Cuthbertson, Esq. as the Receiver for the Premises. A copy of that Order is attached hereto as part of Exhibit C. ("Receiver Order"). As per that Order, Mr. Cuthbertson is authorized by the Court to sell the Premises in order to satisfy the liens against the Premises, including Mr. Mergenthaler's domestic support arrears reflected in the Rosemary Mergenthaler Judgment. The Order also empowers Mr. Cuthbertson to evict Rosemary Mergenthaler and Peter Mergenthaler from the Premises "...in order to increase the likelihood of a quick sale of the Property thereby protecting the lien holders' equity interest in said Property." See Receiver Order, at p.8.

8. Upon information and belief, on or about July 17, 2014, Mr. Cuthbertson commenced the Justice Court Action to evict the Mergenthalers from the Premises. See Notice of Petition and Petition, also attached hereto as part of Exhibit C.

## THE AUTOMATIC STAY DOES NOT APPLY
## TO THE PROCEEDINGS AGAINST THE PREMISES IN THE SUPREME COURT
## ACTION OR TO THE EVICTION PROCEEDINGS
## IN THE JUSTICE COURT ACTION

9. As per 11 U.S.C.A. § 362(b)(2)(B), the automatic stay does not apply to the proceedings against the Premises in the Supreme Court Action or to the eviction proceedings in the Justice Court Action as the goal of both proceedings is to collect Mr. Mergenthaler's domestic support obligations[3] from the Premises, which is not property of the Bankruptcy Estate.

10. 11 U.S.C.A. § 362(b)(2)(B) provides:

---

[3] Such obligations are reflected in the Florida Divorce Judgment, the Peter Mergenthaler Judgment and the Rosemary Mergenthaler Judgment.

4

> (b) The filing of a petition under section 301, 302, or 303 of this title,....
> does not operate as a stay--
>
> (2)(B) of the collection of a domestic support obligation from property
> that is not property of the estate;....

See e.g., Zettwoch v. Zettwoch, 20 Misc. 3d 1103(A), 867 N.Y.S.2d 21 (Sup. Ct. 2008).

    11.   As per the Receiver's Order, the Supreme Court appointed the Receiver to sell the Premises, which are not owned by Mr. Mergenthaler, to satisfy the liens against the Premises, including the fraudulent conveyance judgment –the Rosemary Mergenthaler Judgment– which, as set forth in the body of that judgment, was issued because the Court found that Mr. Mergenthaler had secreted his personal assets in his current's wife's Premises, in the form of the purchase price and upkeep of the Premises, which should have been used to pay the Divorce Judgment secured by Ms. Wetzstein in the Florida courts. The court also directed the Receiver to evict Mr. and Mrs. Mergenthaler from the Premises in order for the sale of the Premises to proceed.

    12.   Moreover, although Mr. Mergenthaler claims that he resides in the Premises, he is an invitee in that Premises through his wife. The Supreme Court terminated Rosemary Mergenthaler's rights in the Premises [as well as any derivative rights that debtor may have had through his wife] in the Receiver's Order, when it declared that the Receiver had the right to evict both Mergenthalers from the Premises to facilitate the sale process of the property. The only remaining rights that the Mergenthalers have in the Premises are the rights to be evicted by the Receiver, following the procedures of RPAPL for an orderly eviction, including a hearing, before the Justice Court and an eviction by the Sheriff if they do not voluntarily remove themselves from the Premises.

13.   Thus, Mr. Osekavage and the Receiver respectfully request that this Court issue an order, pursuant to 11 U.S.C.A. § 362(b)(2)(B), declaring that the automatic stay does not apply to the sale and eviction proceedings related to 3 Wood Edge Court, Watermill, New York; and that all activity in the Supreme Court and Justice Court Actions may continue in full.

**THE AUTOMATIC STAY OF THE SUPREME COURT ACTION AND JUSTICE COURT ACTION SHOULD BE ANNULLED AND/OR TERMINATED**

14.   11 USCA section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, ....

15.   The automatic stay should be lifted as to all activities in the Supreme Court Action. Debtor's role in that case was completed on May 3, 2012, when the State Supreme Court issued a Judgment against him, in favor of Dean Osekavage, assignee of Judith Wetzstein, for unpaid support owed by debtor under the Divorce Judgment to Ms. Wetzstein, in the amount of $1,560,052.74.[4]

16.   All activities in that case, since the Court's issuance of the Judgment against Peter Mergenthaler, have focused on the fraudulent conveyance judgment against Rosemary Mergenthaler and efforts to effectuate the sale of Rosemary Mergnethaler's property to satisfy that judgment. As debtor Mergenthaler has nothing to do with such activities, other than the fact

---

[4] Since that time, Mr. Mergenthaler has attempted, without success, to vacate that judgment. He recently filed a motion to reconsider the court's denial of his motion to vacate that judgment. That motion is pending.

that he resides in the Premises as an invitee of his wife, the stay should be lifted as to all activities in the Cases.

17.   The automatic stay should be lifted as to the Justice Court Action where the Receiver seeks to evict Mr. and Mrs. Mergenthaler from the Premises.  Debtor Mergenthaler does not have any right to reside in the Premises, except through the now extinguished rights of Rosemary Mergenthaler, the owner of the Premises.  The Supreme Court terminated Ms. Mergenthaler's rights [and any derivative rights of debtor Mergenthaler] to reside in the Premises in the Receiver's Order.  The Justice Court Action is merely a procedural step that must be taken by the Receiver, as per the Order, to physically remove the Mergenthalers from the Premises and complete the sale of the Premises.

18.   Finally, as Peter Mergenthaler's support obligations are non-dischargeable in bankruptcy, Mr. Osekavage should have the continued right to collect on that Judgment against debtor notwithstanding debtor's bankruptcy.

**WHEREFORE**, Mr. Osekavage and the Receiver Cuthbertson hereby request that this Court grant their motion in its entirety.

I declare, under the penalty of perjury, that the foregoing is true and correct. Executed on the 27th day of October, 2014.

                /s/ M. Levine
Melissa B. Levine, Esq. (MBL1634)
mlevine@goldbenes.com
Gold Benes, LLP
 Attorneys for Dean Osekavage
1854 Bellmore Avenue
Bellmore, NY 11710
(516)512-6333
(516)512-6334 (facsimile)